IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
NICKY RIVERA, individually on behalf of
himself and all others similarly situated,

               Plaintiff,

-against-

MIDWAY IMPORTING, INC.,

               Defendant.
---------------------------------x

Civil Action No. 1:17-cv-3290

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Midway Importing, Inc. removes the above-captioned civil action, formerly pending in the Supreme Court of the State of New York, County of Dutchess, to the United States District Court for the Southern District of New York. A copy of the service of process, summons, and Class Action Complaint are attached as Exhibit A (Complaint) ("Exh. A"). As grounds for removal, Midway states the following:

**Introduction**

1.    Plaintiff Nicky Rivera is a resident of Dutchess County, New York. *See* Exh. A, ¶ 31.

2.    Defendant Midway Importing, Inc. ("Midway") is, and was at the time this matter was filed, incorporated under the laws of Texas, with its principle place of business in Houston, Texas. *See id*. at ¶ 33; Exh. B, Christopher Hartmann Decl. ¶ 2 ("Exh. B").

3. On March 29, 2017, Plaintiff filed the instant action in the Supreme Court of the State of New York, County of Dutchess.  *See* Exh. A, at 1.  Plaintiff served Midway on April 3, 2017.  *See id.*

4. Midway now removes this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  This Court has removal jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453.

## Class Action Removal Jurisdiction

5. This Court has removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1453 (federal jurisdiction over class actions as established by CAFA).  Pursuant to §§ 1332(d)(2) and 1453(b), a putative "class action" may be removed to the appropriate United States District Court if (in relevant part): (a) the amount in controversy with respect to the putative class exceeds $5,000,000, exclusive of interest and costs, and (b) there is minimum diversity insofar as any member of the putative class is a citizen of a state different from any defendant.

6. This action is a putative "class action" within the meaning of §§ 1332(d)(1)(B) and 1453(a), because Plaintiff seeks to bring it "on behalf of themselves, the general public, and those similarly situated," *see* Exh. A, ¶ 34, as authorized by New York Civil Practice Law and Rules § 901, *id.* ¶ 44.  The exclusions of 28 U.S.C. § 1332(d)(5) do not apply.  *See* Exh. A, ¶ 39 (complaint alleging class composed of "thousands of consumers").

7.     There is more than $5,000,000 in controversy. Under § 1332(d)(6), the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class.[1]

8.     When removal is sought under CAFA, the removing party must demonstrate a "reasonable probability" that the amount in controversy requirement exceeds the jurisdictional amount. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Courts "evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006) (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003)). When the amount in controversy is not readily apparent from a complaint, the court may consider facts in the removal petition to determine the potential damages at issue. *Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010). Attorneys' fees sought by the plaintiff are included in the amount in controversy when they are anticipated or awarded in the governing statute. *Henry v. Warner Music Grp. Corp.*, No. 13 CIV 5031 (PGG), 2014 WL 1224565, at *3 (S.D.N.Y. Mar. 24, 2014).

9.     Here, Plaintiff does not plead an amount in controversy. Rather, Plaintiff seeks declaratory and injunctive relief, compensatory damages measured by the amount Plaintiff and putative Class Members paid for Defendant's products, restitution, punitive and special damages, including but not limited to treble damages, attorneys' fees, and costs. *See, e.g.*, Compl. ¶¶ 100, 107, 114. Plaintiff identifies the sale of four products ("Products") during the Class Period as the basis for their claims: Grisi Regenerative Aloe Vera Natural Soap, Grisi Balance Oat Natural

---

[1] Defendant naturally disputes any liability for the claims asserted, and matters alleged, in the Complaint. For this reason, in removing this Complaint, Defendant has calculated the amount in controversy based on, as the statute requires, the contrary assertion that Plaintiff's claims are meritorious.

Soap, Grisi Lightening Mother of Pearl Natural Soap, and Grisi Moisturizer Donkey's Milk Natural Soap. *Id.* ¶ 1.

    **(a)**    **The amount in controversy well exceeds $5,000,000.**

10.    Plaintiff seeks compensatory damages, equal to the aggregate amount of all purchases by the putative class during the Class Period, and restitution. *See* Compl. ¶ 100 ("Plaintiff and Class Members are entitled to recover compensatory damages, restitution, punitive and special damages . . . ."); *id.* ¶ 107 ("Plaintiff and Class Members have been damaged in the amount paid for the Defendant's Products, together with interest thereon from the date of purchase.").

11.    The aggregate "amount paid" by Plaintiff and the putative class for the Products nationwide exceeds $5,000,000. *See* Exh. B, ¶ 6 (national sales of the Products, calculated as the amount paid by Plaintiff and Class Members, exceeded $5.5 million between 2012 and 2016[2]).

12.    Furthermore, the cost of complying with the injunction sought by Plaintiff—including the cost of freights to collect the allegedly misleading Products currently in the marketplace, the cost to repackage and redistribute the Products, the destruction of old packages, and the lost profits from the lost sales of the destroyed Products—is estimated to exceed $125,000. *See* Exh. B, ¶ 8.

13.    Finally, Plaintiff seeks the award of attorneys' fees. In the Second Circuit, attorneys' fees may be used to satisfy the amount in controversy threshold where they are recoverable as a matter of right. *See Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir.

---

[2] Plaintiff does not specifically allege a class period, but rather defines the class period as "the applicable statute of limitations." *See* Compl. ¶ 4. For this reason, Midway calculated its national sales for the years 2012 through 2016, assuming a statute of limitations period of five years. Some states' consumer protection and warranty laws have a statute of limitations of more than five years, *see* NEV. REV. STAT. § 11.190 (Nevada statute of limitations is six years for breach of express warranty), while others have a limitations period of less than five years, *see* N.Y. U.C.C. § 2-725(1) (New York U.C.C. limitations period is four years). Accordingly, Defendant assumed an average five-year limitations period, which would understate the amount in controversy, insofar as it does not include any sales from the date of filing through the entry of judgment.

1972)). Here, should Plaintiff recover on his claims, attorneys' fees are mandatory under at least some of the consumer protection statutes under which Plaintiff sues. *See, e.g., Howard Indus., Inc. v. Crown Cork & Seal Co., LLC*, 403 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that award of attorneys' fees is mandatory for breach of warranty claim); *see also* Compl. ¶ 89 (alleging violation of Texas's breach of warranty statute).

14.  District courts within the Second Circuit have routinely upheld attorneys' fee awards of 33-1/3% of the class fund awarded in class action cases. *E.g., Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 216, 220–22 (S.D.N.Y. 2015) (awarding 33-1/3% of class action settlement, an amount totaling $1,550,000, as attorneys' fees); *DeLeon v. Wells Fargo Bank, N.A.*, No. 1:12-CV-04494, 2015 WL 2255394, at *5 (S.D.N.Y. May 11, 2015) (awarding 33-1/3% of class action settlement fund as attorneys' fees). Plaintiff's counsel recently sought an award of attorneys' fees in the amount $1,500,000 in another nationwide class action case resolved by settlement. *See* Memorandum of Law in Support of Plaintiffs' Motion for Award of Attorneys' Fees, *Rapaport-Hecht v. Seventh Generation, Inc.*, No. 7:14-cv-09087-KMK (ECF Docket No. 60). Here, should Plaintiff recover $5.5 million in compensatory damages and restitution, 33-1/3% of an award would amount to $1.8 million.

15.  Considering these amounts together, and excluding treble and punitive damages sought by Plaintiff, *see Ebin v. Kangadis Food Inc.*, No. 13 CIV. 2311 (JSR), 2013 WL 3936193, at *4 (S.D.N.Y. 2013), the amount in controversy greatly exceeds CAFA's required $5,000,000.

**(b)    The 100 class members requirement has been satisfied.**

16.  The proposed class contains at least 100 members, as is also required for removal under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff seeks to represent (1) a nationwide class

defined as "all consumers who purchased the Products anywhere during the Class Period," and (2) a New York Subclass defined as "individuals who purchased the Products in the State of New York at any time during the Class Period." Compl. ¶¶ 35–36. Plaintiff estimates that the proposed class is composed of "thousands of consumers" and that "Class Members are so numerous that joinder of all members is impracticable." *Id*. ¶ 39.

      **(c)**      **Minimum diversity is satisfied.**

17.      Finally, the requisite "minimum diversity" of citizenship exists under CAFA, 28 U.S.C. §§ 1332(d)(2) and (d)(7). Plaintiff is a citizen of New York. *See* Exh. A, ¶ 31 (Complaint identifying named plaintiff as resident of New York). Defendant Midway is a citizen of Texas, because it is incorporated under the laws of Texas, with its principal place of business in Houston, Texas. *See id*. ¶ 33; Exh. B, ¶ 2. Thus, Defendant is a citizen of a state different from at least one putative class member, and the requisite diversity exists under 28 U.S.C. § 1332(d)(2)(A).

18.      Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and it may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453(b).

## Compliance With Procedural Requirements

19.      Because this Notice of Removal was filed within 30 days of the receipt of the Complaint and Summons, each served upon Defendant on April 3, 2017, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

20.      Removal to this District and Division is proper pursuant to 28 U.S.C. § 1441(a), because the U.S. District Court for the Southern District of New York embraces the place where the state court action was formerly pending.

21.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant in the state court action are attached hereto.

22.     Pursuant to 28 U.S.C. § 1446(d), Defendant has served this Notice of Removal on Plaintiff and have filed a Notice of Defendant's Notice of Removal with the Supreme Court of the State of New York.

## Conclusion

For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) and (d).  Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1441(a) and 1453.

WHEREFORE, Defendant gives notice that the above-described action pending against it in the Supreme Court of the State of New York, County of Dutchess is removed to this Court.

DATED:       May 3, 2017                 **By:** /s/ Earl B. Austin

**BAKER BOTTS L.L.P.**
Earl B. Austin (SBN#4804720)
earl.austin@bakerbotts.com
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501

Travis J. Sales (*pro hac vice* to be filed)
travis.sales@bakerbotts.com
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

Jonathan A. Shapiro (*pro hac vice* to be filed)
jonathan.shapiro@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA  94111
Telephone:    (415) 291-6204
Facsimile:     (415) 2916304

Jessica E. Underwood (*pro hac vice* to be filed)
jessica.underwood@bakerbotts.com
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone:    (214) 953-6500
Facsimile:     (214) 953-6503

Attorneys for Defendant
MIDWAY IMPORTING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2017, I enclosed the above document in a sealed envelope or package addressed to the persons at the address listed below and deposited the envelope or package with the U.S. Postal Service for delivery:

>Jason P. Sultzer
>Joseph Lipari
>Adam Gonnelli
>*Attorneys for Plaintiff Nicky Rivera*
>85 Civil Center Plaza, Suite 104
>Poughkeepsie, NY 12601
>(845) 483-7100

Dated: May 3, 2017                                  /s/ Jessica Aquino
                                                                 Jessica Aquino